RICHARD B. ELLIS

*v.*

GEORGE WHAN.

SURVEY—*to establish boundary, when conclusive.* The report of a commission of surveyors to establish lost or disputed corners and lines, when confirmed by the court, is final and conclusive on the parties to the petition and their privies, and can not be questioned collaterally for errors. It fixes the disputed corners permanently and unalterably.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. SWEENEY, JACKSON & WALKER, for the appellant.

Messrs. PEPPER & WILSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record, that Richard B. Ellis, in 1871, filed a petition, under the act of the General Assembly, adopted on the 25th of March, 1869, (Sess. Laws, p. 241,) providing for the permanent survey of lands, to have the lines and corners of the tract in controversy permanently established. The proper notices were given to other owners, who held adjoining lands, and whose lines and corners were liable to be affected by the survey. On the petition being presented to the circuit court of Mercer county, in which the lands are situated, a commission of three surveyors was appointed to make a survey and permanently establish the lines and corners of the lands described in the petition. The commissioners made the survey, and by it established the lines and corners of the land as required by the order of their appointment. They reported their survey to the court, and no exceptions being taken to the report, it was confirmed, and it remains in full force, never in anywise reversed, impeached or set aside.

Appellee brought an action of ejectment in the Mercer circuit court, to its November term, 1877, against appellant, to recover a strip of 14 rods in width, on the east side of forty acres of land, off the west side of the northeast quarter of the northeast quarter of section 20, in township 15 north of range 1 west of the 4th principal meridian. This strip was, by the survey made by the commissioners, given to appellee, who owned the west part of the northeast quarter of the northeast quarter of section 20, containing, according to conveyances, forty acres.

The land was conveyed by appellant to one George Blum, and by him to appellee, by that description, and the petition and commission required the commissioners to permanently establish the lines of this forty and adjoining lands. Appellee purchased after the lines were thus established, and claims to own according to the lines and corners of the forty thus

established by the commissioners and confirmed by the circuit court.

Appellant contends that he only sold forty acres on the west side of the fourth of the quarter section, and that the quarter section being fractional and in excess he has never parted with the title to this strip, which is the excess in that fourth of the quarter section, and that, therefore, appellee has no right to recover.

Until the survey was made by the commission and confirmed by the court, there would have been plausibility in the position. But that was a proceeding expressly authorized by the statute, and so far as we can see, from this record, the circuit court had complete jurisdiction of the persons of appellant, Blum, the grantor of appellee, and of the subject matter in dispute. The material question in issue, and to be decided by the commission, was the line and corners between appellant and Blum as well as other lines and corners in section 20.

Section 4 of the act provides, that when the report is filed in, and approved by the final judgment of, the court, if not appealed from, the lines and corners shall be held and considered as permanently and unalterably established according to the survey. Now, the report of this survey was approved by the final judgment of the court, and that judgment was not appealed from, nor was it reversed on error. Hence it became permanently and unalterably binding on all parties to it, by the very terms of the statute.

The court had complete jurisdiction of the parties and the subject matter, and its judgment must be held conclusive upon the parties to the proceeding and their privies. All persons who take from them, by purchase, devise or descent, take subject to the judgment of the court approving and confirming the lines and corners. The parties and such privies can not question the judgment and again litigate the questions then determined, and which thereby became *res judicata,* and it must have the same effect as the final judgment rendered at the termination of any other litigation. Public policy and

the security of persons in the enjoyment of their rights, alike require that litigation should have an end, and where there is a final judgment, that must conclude all further contest between the parties and their privies, as to the matter involved.

Here, the question was as to the true lines and corners which the petition says were in dispute. The commissioners have settled the dispute, and the statute has made their decision, when approved by the final judgment of the court, permanent and unalterable. Hence it follows that appellant is concluded from showing the lines and corners were not correctly established. If not satisfied with the correctness of the survey, he should, on the coming in of the report, have interposed objections and shown to the court wherein it was incorrect. This the statute authorized, but failing to do so, he must be held as having waived all objections, and can not be heard to question the judgment in a collateral proceeding. All the objections urged against the survey are, therefore, without force and can not be allowed.

Perceiving no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*